UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,           § | |
| § | |
| Plaintiff,                                        § | |
| § | |
| vs.                                                   § | Criminal No. 19-1211 JB |
| § | |
| LARRY MITCHELL HOPKINS,     § | |
| § | |
| Defendant.                                     § | |

### AMENDED MOTION TO CONTINUE TRIAL

COMES NOW the Defendant, **LARRY MITCHELL HOPKINS**, by and through counsel of record Kelly O'Connell, who files this motion to continue a trial setting, respectfully requesting an order vacating this case from the Court's July 8th, 2019 trial setting.

As grounds for this request, counsel for Mr. Hopkins states:

1. Mr. Hopkins is charged in a one-count indictment with § 18:922(g)(1) Felon in Possession of a Firearm and Ammunition. Mr. Hopkins was arraigned on April 22nd, 2019 before US Magistrate Gregory B. Wormuth.

2. On April 22nd, 2019, Mr. Hopkins received a jailhouse assault, which included head trauma.

3. On April 29th, 2019, Mr. Hopkins again received trauma to his head, while when chained he had a standing fall, resulting in serious blow to the back of his cranium, causing blackout.

4. Mr. Hopkins submits that good grounds exist for continuance of this trial under 18 U.S.C. § 3161(h)(7)(B)(i). Under 18 U.S.C. § 3161(h)(7)(A), by allowing Mr. Hopkins' an opportunity for a mental examination, so both Defense and Prosecution may be informed as to the true state of Mr. Hopkins mental and brain health. This will produce information for this case, and therefore the ends of justice will be served and outweigh the best interests of Mr. Hopkins and the public in a speedy trial. Continuance of this trial would be consistent

with the holding in *U.S. v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

5. Counsel discussed the right to a speedy trial with Mr. Hopkins, under 18 U.S.C. § 3161. But Counsel also discussed with Defendant the time needed to examine the effects of his injuries and how these may impair his mental state, his ability to understand the charges against him and his ability to aid in his own defense. Further, more time will also aid any future plea negotiations, or decisions on whether to move onto a jury trial. Bearing these in mind, Mr. Hopkins waives his right to a speedy trial.

6. This continuance is essential for Counsel to provide effective assistance to Mr. Hopkins and is not requested with the intention of delaying the matter, but rather to seek justice.

7. Counsel believes, given Mr. Hopkin's history, recent injuries, and age, a continuance of 120 days from the July 8th trial setting is the minimum amount of time sufficient for the tests and analysis needed to determine his condition for justice to prevail.

8. Mr. Hopkin's right to effective assistance includes the time to prepare for trial. Without this extra time, Defense will not be able to prepare, especially given the fact that Mr. Hopkin's current mental health is unknown. *See U.S. v Verdame*, 51. 3rd 249, 252 (11th Cir. 1995).

9. Mr. Hopkins believes that such a continuance is not likely to disadvantage his case, but could actually benefit him.

10. Assistant U.S. Attorney George Kraehe was contacted for his position on this request for a continuance and takes no position.

11. Further, Defense has requested no previous continuances.

12. Drafters of the Federal Rules of Criminal Procedure and of the Speedy Trial Act contemplated use of these various rules as an aid to settling cases. See Rule 11(c) and 18 U.S.C. § 3161(h)(1)(G).

13. Overall, for this case to go to trial now would be a misuse of judicial resources since neither Prosecution, nor Defense knows the mental health and brain condition of Mr. Hopkins.

Further, given plea negotiations have not finished, a trial would be premature. And, having gained Mr. Hopkin's assent to a continuance, and agreeing to set aside rights to a speedy trial, such a continuance will add to the cause of justice.

WHEREFORE, Defendant Larry Hopkins respectfully requests this Court continue the trial set for July the 8th, 2019, resetting the matter after 120 days.

FURTHERMORE, Defendant respectfully requests that all previously set deadlines in this cause be reset to reflect new trial dates should this august Court grant this humble request.

Respectfully submitted,

KELLY O'CONNELL

*Kelly O'Connell*           /s
Kelly O'Connell
P.O. Box 1922
Las Cruces, New Mexico 88004
575-805-1245 Phone
575-541-3534 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3nd of July, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

George Kraehe
U.S. Attorney's Office
*Office* of the *U.S. Attorney* 201 3rd Street, Suite 900
Albuquerque, NM 87102
Tel:    (505) 346-7274
Fax:    (505) 346-7296

_____
                KELLY O'CONNELL