**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                    Case No. 13-CR-3295 WJ

LARRY MITCHELL HOPKINS,

    Defendant.

**SENTENCING MEMORANDUM FOR DEFENDANT LARRY MITCHELL HOPKINS
REQUESTING VARIANCE PURSUANT TO 18 U.S.C. § 3553(A)**

COMES NOW Defendant Larry Mitchell Hopkins, by and through counsel, Kelly O'Connell, hereby submitting this Sentencing Memorandum, requesting a variance pursuant to 18 U.S.C. § 3553(a) and respectfully requests the Court to take into consideration the information contained herein at the time of Defendant's sentencing.

**I. BACKGROUND**

Thursday, January 2, 2020, Defendant Hopkins, 70, pleaded guilty to Felon in Possession. Hopkins admitted he committed this offense in San Juan County by possessing multiple firearms on Nov. 28, 2017, as well as possessing ammunition after conviction of felonies in Michigan, Oregon, and South Dakota, including illegal weapon possession.

Larry Hopkins was initially charged, then mentally examined and found legally competent by Dr. Michael Rodriguez, entered 1/02/2020. Afterward, Hopkins took a plea. On 4/13/20, a US Sentencing Memorandum was filed on Hopkin's background. Overall, U.S. Sentencing Guidelines are advisory, according to *United States v. Booker*, 543 U.S. 220, 234 (2005). The standard for sentencing is general "reasonableness," as detailed in *United States v. Rita*, 2007 WL 1772146 (June 21, 2007).

## II ARGUMENT

Would it be reasonable to allow Larry Hopkins to be released now on time served instead of serving 21 more months? Yes, based on these facts: A lack of harm to others, advanced age, infirmities, acceptance of law breaking, a repentant attitude, and determination to avoid past mistakes and former colleagues. Mr. Hopkins is not inherently bad, nor prone to violence. Instead, he's one who's resisted the law in typically minor ways, yet with a habit of challenging authority. His past crimes include impersonating an officer while bounty hunting, and a federal conviction for failure to pay child support.

So despite Hopkins' conviction for Felon in Possession, he's never been accused of a crime of violence. Instead, his current case traces back several years to a meeting on his property in Flora Vista, NM where he and friends mustered a militia, a constitutional right under the 2nd Amendment.

Mr. Hopkins' mistake was storing training weapons in his house, including pistols, rifles and shotguns. Given the camp's meager accommodations, firearms were stacked in a back room of Hopkin's trailer. Yet, there's no disagreement Hopkins violated the strict rule of the applicable law in this case.

When confronted with the accusation the group was training to kill President Barack Obama or Hillary Clinton, Hopkins seemed puzzled and replied the group never trained for, nor even discussed such violence. (Presentence Investigation Report **[**Doc. 49**]** ) Hopkins related how a mentally ill individual tried to join, began spouting crazy ideas, then was immediately banned. Hopkins theorizes this individual may have been the source of this rumor.

But if Larry Hopkins had not gone to Sunland Park with the United Constitutional Patriots (UCP), he probably would not be in court now. When media and state outrage over UCP border activities boiled over, Larry was suddenly charged in a years-old case.

Ironically, Mr. Hopkins was never charged with a crime in Sunland Park, despite intense scrutiny. This, and the fact the US Border Patrol cooperated with the UCP in processing those illegally entering the US obviously gave Larry a strong sense he was in the right.

## **CONCLUSION**

Federal Prosecutors ask for 21 months incarceration. But numerous elements argue for less time:

1. Larry Hopkins is 70 years old.

2. The Feds only request 21 months, of which Larry Hopkins already served more than half.

3. Hopkins is not charged with a violent or vicious crime.

4. Hopkins does not deny guilt.

5. Hopkins is sickly. Obesity and bad legs place him in a prison wheelchair, despite walking in.

6. Hopkins was beaten in prison, on camera, after being placed in general population with the same border crossing group he had just helped detain. The outcome was predictably barbaric.

7. If Hopkins contracts COVID-19 in confinement, at his age, weight and infirmity, he may perish.

8. Hopkin's jailing and prosecution already inhibited other patriot border groups.

9. Hopkins sees the error of his ways and now abjures more border, militia, or gun activities.

10. Libertarianism, the political ethos of the Enlightenment, fixated on liberty, and was central to the ideas of the Founders, Jefferson, Madison and Locke. It holds unnecessarily long prison sentences defeat the humane ends of a principled legal system.

Respectfully submitted,

KELLY O'CONNELL

*Kelly O'Connell*          /s
Kelly O'Connell
P.O. Box 1922
Las Cruces, New Mexico 88004
575-805-2103 Phone
575-708-2538 Fax
575-496-6359 Cell

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 14th of April, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

George Kraehe
U.S. Attorney's Office
*Office* of the *U.S. Attorney* 201 3rd Street, Suite 900
Albuquerque, NM 87102
Tel:    (505) 346-7274
Fax:   (505) 346-7296

Holland S. Kastrin
U.S. Attorney's Office
*Office* of the *U.S. Attorney* 201 3rd Street, Suite 900
Albuquerque, NM 87102
Tel:    (505) 346-7274
Fax:   (505) 346-7296

                                                 *Kelly O'Connell*
                                               KELLY O'CONNELL